**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATHANIEL OWENS, et al., | |
| Plaintiffs, | NO. 3:02-CV-0356 |
| v. | (JUDGE CAPUTO) |
| MARTIN HORN, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendants' Second Motion in Limine, which requests that Plaintiffs' Nathaniel Owens and Derrick Warren's claims be dismissed as barred by *res judicata*. (Doc. 363.) Because Plaintiffs Owens and Warren have previously litigated these claims, *res judicata* applies and they are barred from relitigating.

## BACKGROUND

On May 8, 2008, the Court issued an Order listing the claims in the case as Eighth Amendment claims, Fourteenth Amendment procedural due process claims, equal protection claims, and Pennsylvania due process claims pursuant to 37 Pa. § 93.11. (Doc. 417.) The Court severed the issues, and scheduled trial on the Eighth Amendment claims for June 2008, and scheduled trial for the remaining claims for August 2008. (Doc. 417.) As the Eighth Amendment claims have been tried, the Court will address the issue of *res judicata* as to the Fourteenth Amendment procedural due process claim, the Fourteenth Amendment equal protection claim, and the Pennsylvania due process claims.

Defendants' Second Motion in Limine submits that Plaintiffs Owens and Warren's Fourteenth Amendment equal protection and procedural due process claims and state law due process claim pursuant to 37 Pa. Code § 93.11(b) regarding their placement in the Long Term Segregation Unit ("LTSU") are barred by *res judicata*. Defendants argue that *res judicata* applies based upon the case of *Bronson, et al. v. Horn, et al.*, 3:01-CV-0026 (M.D. Pa. Aug. 16, 2005) (Caputo, J.). Plaintiffs in that case were Purcell Bronson, Anthony Sutton, Nathaniel Owens, and Derrick Warren.

On March 6, 2003, the Court entered an Order on a motion for summary judgment. (3:01-CV-0026, Doc. 201.) In that Order, the Court that Plaintiffs Owens and Sutton did not have a protected liberty interest, and therefore granted summary judgment on their Fourteenth Amendment due process claim. (3:01-CV-0026, Doc. 201.) The Court denied summary judgment as to Plaintiffs Warren and Bronson's federal due process claims, holding that there were questions of material fact. (3:01-CV-0026, Doc. 201.)

The Court also considered an equal protection claim, and granted that claim for the Defendants. (3:01-CV-0026, Doc. 201.) The Court discussed the merits of the equal protection claim, which was based upon the fact that there were a small number of inmates in the LTSU. The Court found that there was a legitimate penological interest in the treatment of the inmates, and thus no equal protection violation.

Plaintiffs Bronson, Sutton, Owens, and Warren's complaint also alleged a state law claim for due process pursuant to 27 Pa. Code § 93.11(b). The motion for summary judgment was denied as to this claim. (3:01-CV-0026, Doc. 201.)

On August 16, 2005, the Court made findings of fact and law after a bench trial

2

regarding the remaining claims. (3:01-CV-0026, Doc. 348.) The Court found that Plaintiffs Bronson and Warren's Fourteenth Amendment due process rights were not violated. The Court also found that the Defendants failed to follow state law, and therefore found in part for Plaintiffs Bronson, Sutton, Owens, and Warren.

## DISCUSSION

The Court will apply federal *res judicata* rules, as the first lawsuit was a federal suit under federal question jurisdiction. *See Heck v. Humphrey*, 512 U.S. 477, 488 n.9 (1994) ("It is clear that where the federal court decided a federal question, federal res judicata rules govern."). Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 499 U.S. 90, 94 (1980).

For federal *res judicata* to apply, "it is necessary that: (1) there be a final judgment on the merits; (2) the party against whom the bar is asserted is the same; and (3) the subsequent suit is based upon the same cause of action." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).

There is no question that there was a final judgment on the merits in *Bronson v. Horn*. The Court granted in part a summary judgment motion and held a bench trial on the remaining causes of action. Furthermore, the parties against whom the bar is asserted are the same - Plaintiffs Owens and Warren were parties to the previous action. The fact that numerous additional Defendants are joined in the present case is irrelevant to the considerations of *res judicata*.

3

The issue at hand is whether the subsequent suit is based upon "the same cause of action." This issue is very case specific. The Third Circuit Court of Appeals in *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984) held that "[a] single cause of action may comprise claims under a number of different statutory and common law grounds. . . . Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims, although a clear definition of that requisite similarity has proven elusive. . . ." *Id.*

In *Athlone*, the court considered four (4) factors in determining whether the cause of action was the same: (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same. *Id.*

The court noted that the fact that different statutes were involved did not, in and of itself, create different causes of action for purposes of *res judicata*. *Id.* Nor was it dispositive that there are different theories of recovery or different relief. *Id.*

In this case, the Fourteenth Amendment claims based upon due process and equal protection both fall within the bounds of federal *res judicata*. The actions complained of are the same - that Plaintiffs Owens and Warren were placed in the LTSU without due process, and that they were discriminated against when they were placed in

4

the LTSU. The theories of recovery are the same, as they both involve the Fourteenth Amendment. It is likely that the witnesses and documentation for the claims would be similar, although this case involves additional defendants. Finally, the alleged material facts are extremely similar. The material facts all consider the placement of the Plaintiffs in the LTSU. Therefore, *res judicata* should apply to Plaintiffs Owens and Warren's Fourteenth Amendment claims.

The same analysis applies to their state claims based upon 37 Pa. Code § 93.11(b). The acts complained of and the demand for relief are the same, the theory of recovery is the same, the witnesses and documents necessary at trial are the same, and the material facts alleged are the same. Therefore, Plaintiffs Owens and Warren's claim for Pennsylvania due process is also barred by *res judicata.*

## CONCLUSION

For these reasons, Defendants' motion in limine (Doc. 363) will be granted, and Plaintiffs Owens and Warren's claims for Fourteenth Amendment procedural due process, Fourteenth Amendment equal protection, and Pennsylvania due process will be dismissed.

An appropriate Order follows.


| June 26, 2008 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
|  | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATHANIEL OWENS, et al., | |
| Plaintiffs, | NO. 3:02-CV-0356 |
| v. | (JUDGE CAPUTO) |
| MARTIN HORN, et al, | |
| Defendants. | |

## **ORDER**

**NOW**, this  26th  day of June 2008, **IT IS HEREBY ORDERED** that Defendants Second Motion in Limine (Doc. 363) is **GRANTED**.  Plaintiffs Owens and Warren's claims for Fourteenth Amendment procedural due process, Fourteenth Amendment equal protection, and Pennsylvania Due Process pursuant to 37 Pa. § 93.11 are **DISMISSED**.  As no claims remain by Plaintiffs Owens and Warren, they are **DISMISSED** from this case.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge