**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

NATHANIEL OWENS, et al., :
:
    Plaintiffs :
: No. 3:02-CV-0356
:
v. : (JUDGE CAPUTO)
:
MARTIN HORN, et al., :
:
    Defendants :

## **MEMORANDUM ORDER**

Before me is Plaintiffs' Motion to Vacate a Void Judgment (Doc. 477), in which Plaintiffs essentially seek reconsideration of my determination to sustain the defendants' motion under Rule 50 (b) of the Federal Rules of Civil Procedure at the close of the case and prior to submission to the jury.

Motions for reconsideration should be granted when there is (1) an intervening change in controlling law; (2) there is new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café, ex. rel. Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).  Plaintiffs' motion implicates the former *viz* whether there is a clear error of law in granting the Rule 50(b) motion.  In granting the motion I found the facts presented did not, as a matter of law, rise to deliberate indifference so as to satisfy the claim of cruel and unusual punishment under the Eighth Amendment. The basis for my determination was set forth on the record, and it is my view that plaintiffs have not set forth a basis to sustain reconsideration of my ruling.  I understand the plaintiffs do not agree with my granting of the Rule 50(b) motion, but disagreement is not enough. In my view, it was clear that the evidence presented and considered in the light most favorable to plaintiffs simply did not rise to the level of deliberate indifference.

Therefore, **IT IS HEREBY ORDERED** the Plaintiffs' Motion to Vacate a Void Judgment (Doc. 477) is **DENIED.**


Date: October 22, 2008             /s/ A. Richard Caputo
                                   A. Richard Caputo
                                   United States District Judge